**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| PF SUNSET VIEW, LLC dba PLANET FITNESS, PF RIVERVIEW, LLC dba PLANET FITNESS, PF SKIPPER VIEW, LLC dba PLANET FITNESS, and PF WATER VIEW, LLC dba PLANET FITNESS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[Removal from the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 2020CA005643]<br><br>Complaint Filed: May 22, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, 1453, and 1446, Defendant Atlantic Specialty Insurance Company ("Defendant"), hereby removes the above-captioned matter—with reservation of all defenses and rights—from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2020CA005643, to the United States District Court for the Southern District of Florida.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Removal is also proper because the Complaint allegations facially meet the requirements under the Class Action Fairness Act ("CAFA") for federal jurisdiction.

**I.    BACKGROUND**

1.    This action was filed on May 22, 2020 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a), true and

1

correct copies of the Docket Sheet, Summons, Complaint, Civil Cover Sheet, and Plaintiffs' Proof of Service, are attached hereto as Exhibits 1 through 4 to the Declaration of Christine M. Renella ("Renella Decl.") filed concurrently herewith.[1]

2.  Plaintiffs are four limited liability companies which own and operate fitness club franchises in Florida. Compl. ¶ 1 (Renella Decl., Ex. 3). They bring this action "individually and on behalf of all others similarly situated." *Id.* at 1.

3.  Plaintiffs seek certification of a putative class comprised of:

> All persons and entities in Florida with Business Income, Civil Authority, or Extra Expense coverage under an insurance policy issued by Atlantic Specialty, who suffered loss of business income or incurred extra expenses due to a suspension of business related to COVID-19, and for which Atlantic Specialty denied a claim for the losses or has otherwise failed to acknowledge, accept as a covered loss, or pay for the covered loss.

*Id.* ¶ 70 and at 24.

4.  Plaintiffs (on behalf of themselves and the putative class) seek business interruption and extra expense coverage for losses caused by COVID-19 and/or related actions of civil authorities taken in response to COVID-19. *Id.* ¶¶ 58-65, 74.

5.  Plaintiffs allege breach of contract and seek declaratory relief, "damages for breach of contract," "attorneys' fees and litigation costs," and "pre- and post-judgment interest." *Id.* at 24.

## II.   REMOVAL IS TIMELY

6.  While Plaintiffs had sent the Complaint to the Chief Financial Officer of the Florida Department of Financial Services ("FLDFS"), the FLDFS did not serve the Complaint on Defendant's agent until July 9, 2020. Service of process is not complete until "the Chief Financial

---

[1] The Complaint served on Defendant has missing pages. Filed concurrently herewith as Renella Decl., Ex. 3 is a full version of the Complaint filed in the State Court Action.

Officer sends or makes available by other verifiable means a copy of the process."[2]  Fla. Stat. Ann. § 624.423.

7. Defendant's agent for service of process was served with the Summons and Complaint on July 9, 2020.  *See* Renella Decl., Ex. 2.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.

### III. REMOVAL IS PROPER BASED ON DIVERSITY CITIZENSHIP

8. The State Court Action may be removed to the United States District Court in accordance with 28 U.S.C. § 1441(b), since this Court has original jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.

#### A. Complete Diversity of Citizenship Exists

9. In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenship must be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

10. The Complaint alleges that all four named plaintiffs are Florida corporations with principal places of business in Florida and their members are also citizens of Florida.  Compl. ¶¶ 11-14.

11. Defendant has been at all times during the pendency of this action an insurance company organized and existing under the laws of the State of New York with its principal place of business in Plymouth, Minnesota.  *Id.* ¶ 15.  Thus, Defendant is a citizen of New York and Minnesota for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

---

[2] This delay caused Judge Jaimie R. Goodman to grant Plaintiffs' motion for default in the State Court Action on July 7, 2020.  Judge Goodman entered an order vacating the default on July 10, 2020.  *See* Renella Decl., Ex. 1.

12. Because all of the named plaintiffs' citizenships are completely diverse from Defendant's citizenship, complete diversity exists.

**B.  The Amount-in-Controversy Requirement Is Satisfied**

13. In addition to diversity of citizenship, "the matter in controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

14. Here, Plaintiffs seek both monetary damages and declaratory relief.  Compl. at 24; *see also id.* ¶¶ 78-95 ("Count I Declaratory Judgment") and 96-107 ("Count II Breach of Contract").

15. While Plaintiffs' action ultimately asks the Court to find coverage under the commercial insurance policies issued by Defendant, *id.* ¶¶ 96-107 ("Count II Breach of Contract"), Plaintiffs claim an unspecified amount of damages.  *See id.* ¶ 9 (only alleging Florida county court jurisdictional threshold of $30,000).

16. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

17. Although Defendant denies that Plaintiffs' claims have any merit and disputes that Plaintiffs are entitled to any of the sums sought in the Complaint, it is facially apparent that, Plaintiffs' allegations—if accepted—would easily place in excess of $75,000 in controversy for each named plaintiff, exclusive of interest and costs.

18. Plaintiffs allege that "COVID-19 caused direct physical loss of and damage to Plaintiffs' Planet Fitness gyms and other Class members' insured premises, resulting in suspension of business operations at these premises" and "[t]hese suspensions have caused [Plaintiffs] and Class members to suffer losses of business income and to incur necessary extra expenses." Compl.

4

¶ 100; *see also id.* ¶¶ 62, 64, 86.  Plaintiffs allege that these suspensions and losses triggered business income coverage under the insurance policies.  *Id.* ¶¶ 87, 101.

19. Plaintiffs further allege that they and other insureds have suffered losses of business income and incurred expenses as result of the governmental mandates that prohibited access to insured premises under the insurance policies.  *Id.* ¶¶ 89, 103.  Plaintiffs allege that these losses triggered Civil Authority coverage under the insurance policies.  *Id.* ¶¶ 90, 104; *see also id.* ¶¶ 63, 65.

20. Therefore, the value of the relief ultimately requested by Plaintiffs on their own behalf—the amount in controversy—is the coverage available under the "Business Income" and "Extra Expense" provisions for the claimed losses under their policies.  *See generally id.* ¶ 70.

21. The insurance policy of each of the named Planet Fitness entities has a combined limit for "Business Interruption" and "Extra Expense" coverage of $400,000.  *See* PF Sunset View Policy No. 710-03-88-23-0001 at 26 (Renella Decl., Ex. 3 at 52); PF Riverview Policy No. 710-03-90-50-0000 at 26 (Renella Decl., Ex. 3 at 263); PF Skipper View Policy No. 710-03-84-17-0001 at 26 (Renella Decl., Ex. 3 at 469); PF Water View Policy No. 710-03-73-58-0002 at 26 (Renella Decl., Ex. 3 at 680).[3]  As a result, Defendant's potential exposure for each of the four named plaintiffs' time element losses is $400,000.[4]

22. In addition, Count I of the Complaint seeks declaratory relief.  "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of

---

[3] Because Plaintiffs refer to the insurance policies in their Complaint, Compl.¶¶ 11-14, the Court can consider the policies when determining removal.  *Cf. Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss"). !

[4] Time element coverages are those where the measurement of loss is tied to a period of time—here, the period of interruption or the period of restoration.

the right to be protected or the extent of the injury to be prevented"). In the insurance context, the "value of the right to be protected is the [insurer's] potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages and punitive damages." *Canopius U.S. Ins., Inc. v. Prestige Gen. Cleaning Servs., Inc.*, No. 14-CIV-81095, 2014 WL 6979658, at *2 (S.D. Fla. Dec. 9, 2014) (citation omitted).

23. Clearly, the right to be protected in Count I is the cause of action set forth in Count II. In other words, the amount that will be put at issue—the amount in controversy—is the amount that each named plaintiff may be eligible to recover from Defendant in the event that Plaintiffs obtain declaratory relief. *See South Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1318 (11th Cir. 2014) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation") (citation omitted). As demonstrated above, since Defendant's potential liability under each plaintiff's policy exceeds $75,000, Count I also meets the amount-in-controversy requirement.

### IV. THE COMPLAINT ALSO SATISFIES THE REMOVAL REQUIREMENTS UNDER CAFA

24. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(2), (d)(5)(B), and (d)(6).

25. While Defendant disputes the size of the proposed class and the amount the putative class is ultimately likely to recover, Plaintiffs' allegations facially meet the removal requirements under CAFA.

#### A. The Putative Class Allegedly Consists of More Than 100 Members

26. Plaintiffs allege that "Defendant has failed to pay for similar business interruption losses and expenses by thousands of other insureds holding policies that are, in all material

respects, identical to [Plaintiffs'] Policy." Compl. ¶ 7.

27.     Plaintiffs further allege that "[t]here are, at a minimum, thousands of members of the proposed Class." *Id.* ¶ 73.

28.     Accordingly, while Defendant denies that class treatment is permissible or appropriate, based on the Complaint's allegations the proposed class consists of more than 100 members.

### B.     There Is Minimal Diversity

29.     Minimal diversity of citizenship exists in this matter because Plaintiffs and Defendant are citizens of different states and the proposed class is comprised of persons and entities in Florida. *Id.* ¶ 70.

### C.     The Amount in Controversy Exceeds $5 Million

30.     As previously demonstrated, the amount in controversy for each named plaintiff easily exceeds $75,000.  Therefore, the amount in controversy in the aggregate for the proposed class—which allegedly contains "thousands of members" holding "identical" policies (*id.* ¶¶ 7, 73)—would far exceed $5 million.  *See also* Plaintiffs' Civil Cover Sheet, Renella Decl., Ex. 4 (stating that the estimated amount of claim is $10,000,000).

## V.     THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

31.     The United States District Court for the Southern District of Florida is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed the case.

32.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits 1 through 4 to the Renella Declaration.

33.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel hereby certifies that a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and served upon Plaintiffs' counsel.

**WHEREFORE**, Defendant respectfully requests that this action, now pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 29th day of July, 2020.

       */s/ Christine M. Renella*
**CHRISTINE M. RENELLA** (SBN 65485)
**ZELLE LLP**
SunTrust International Center
One Southeast Third Avenue, Ste. 1600
Miami, Florida 33131-4332
Telephone:     (786) 693-2353
Facsimile:     (612) 336-9100
crenella@zelle.com

**PAUL SULLIVAN** (*pro hac vice forthcoming*)
**ZELLE LLP**
161 Worcester Road, Ste. 502
Framingham, MA 01701
Telephone:     (781) 466-0734
Facsimile:     (781) 466-0701
psullivan@zelle.com

*Counsel for Defendant Atlantic Specialty Insurance Company*